UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARLOS A. CRUZ,                                        Case No.

                    Plaintiffs,                       **COMPLAINT**

  -against-

                                         **Jury Trial Demanded**

D'AMBROSIO ECCLESIASTICAL
ART STUDIOS INC., ANTHONY D'AMBROSIO
and ANTHONY GEORGE
                     Defendants.
-------------------------------------------------------------X

Plaintiff Carlos A. Cruz ("Cruz") (collectively, "Plaintiffs") allege against Defendant D'Ambrosio Ecclesiastical Art Studios, Inc. ("DEAS"), Anthony D'Ambrosio ("D'Ambrosio") and Anthony George ("George") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Cruz was employed by Defendant D'Ambrosio Ecclesiastical Art Studios, Inc. ("DEAS"), an art studio specializing in renovation and restoration owned by Anthony D'Ambrosio (D'Ambrosio). While working at Defendant DEAS, Defendant failed to pay Plaintiff Cruz as required by law. Throughout Plaintiff Cruz's employment at Defendant DEAS, he consistently worked in excess of 40 hours per week, but Defendants never paid his time-and-one-half for those hours. Defendants also unlawfully failed to provide Plaintiff Cruz "spread of hours" pay when he worked more than ten hours in a row. As a result of Defendants unlawful employment practices, Plaintiff Cruz complained of same and was terminated from his position of employment in retaliation.

1

2. Plaintiff Cruz allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

3. Plaintiffs Cruz further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties for wage notice violations, (3) unpaid spread of hours premium (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district and because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff Cruz was and is a resident of Westchester County, New York.

8. That at all times hereinafter mentioned, Defendant DEAS was and is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at Route 128, Mount Kisco, New York 10549.

9. Upon information and belief, at all times relevant times, Defendant DEAS has been a business or enterprise engaged in interstate within the meaning of the FLSA in that it (i) has had employees commerce or in the production of goods for commerce, or who handle, sell or otherwise work on good or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

10. That at all times hereinafter mentioned, Defendant D'Ambrosio, upon information and belief, was and is a resident of the State of New York.

11. That at all times hereinafter mentioned, Defendant D'Ambrosio was and is the Owner of Defendant DEAS.

12. That at all times hereinafter mentioned, Defendant D'Ambrosio exercised control over the employment terms and conditions of the Plaintiff.

13. That at all times hereinafter mentioned, Defendant D'Ambrosio had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

14. That at all times hereinafter mentioned, employees could complain to Defendant D'Ambrosio directly regarding any of the terms of their employment, and Defendant D'Ambrosio would have the authority to effect any changes to the quality and terms of employees' employment.

15. That at all times herein relevant, Defendant D'Ambrosio exercised functional control over the business and financial operations of Defendant DEAS.

16. That at all times herein relevant, Defendant D'Ambrosio is an employer within the meaning of the FLSA and the New York Labor Law.

17. Defendant George, upon information and belief, was and is a resident of the State of New York.

18. That at all times relevant to this action, Defendant George was and is a manager/supervisor at Defendant DEAS.

19. That at all times herein relevant, Defendant George exercised control over the employment terms and conditions of the Plaintiff.

20. That at all times herein relevant, Defendant George had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

21. That at all times herein relevant, employees could complain to Defendant George directly regarding any of the terms of their employment, and Defendant George would have the authority to effect any changes to the quality and terms of employees' employment.

22. That at all times herein relevant, Defendant George is an employer within the meaning of the FLSA and the New York Labor Law.

23. At all relevant times, Defendant DEAS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

24. At all relevant times, the work performed by the Plaintiff was directly essential to the business operated by Defendant DEAS.

## FACTUAL ALLEGATIONS

<u>Wage and Hour Violations</u>

25. That at all times herein relevant, in or around January 2013, Plaintiff Cruz commenced his employment with Defendant DEAS.

26. That at all times herein relevant, Plaintiff Cruz worked for Defendant DEAS at the premises more commonly known or referred to as Route 128, Mount Kisco, New York 10549.

27. That at all times herein relevant, Plaintiff Cruz's job and responsibilities included but were not limited to: painting, driving, buying supplies and lifting heavy objects.

28. That at all times herein relevant, Plaintiff Cruz satisfactorily performed his duties and responsibilities and his work performance as above average.

29. That at all times herein relevant, Plaintiff Cruz was a non-exempt employee of Defendant DEAS.

30. That at all times herein relevant, Plaintiff Cruz worked consistently five (5) days per week, approximately 15 hours per day at Defendant DEAS.

31. That at all times herein relevant, during Plaintiff Cruz's employment with Defendant DEAS, Plaintiff Cruz worked in excess of forty (40) hours per week.

32. That at all times herein relevant, Plaintiff Cruz would work at Defendant DEAS from approximately 4:00 a.m. to 7:00 p.m., Monday to Friday.

33. That at all times herein relevant, Plaintiff Cruz sometimes worked on Saturdays and Sundays.

34. That at all times herein relevant, Defendant DEAS paid Plaintiff by check on a weekly basis.

35. That all times herein relevant, Defendant DEAS, from January 2013 to February 2013, Plaintiff was paid $25.00 per hour.

36. That all times herein relevant, Defendant DEAS, from March 2013 to April 2013, Plaintiff was paid $30.00 per hour.

37. That all times herein relevant, Defendant DEAS, from May 2013 to October 2018, Plaintiff was paid $32.85 per hour.

38. That at all times herein relevant, Defendant DEAS failed to provide Plaintiff Cruz with a wage notice or wage statements upon his hire or at any point during his employment.

39. That at all times herein relevant, Defendant DEAS provided Plaintiff with insufficient paystubs.

40. By way of example: Plaintiff Cruz would work approximately 70-75 hours per week. For said week, Defendant DEAS would only pay Plaintiff for 35 hours per week and failed to pay for the additional hours that he worked (as only 35 hours were noted on said paystub).

41. That at all times herein relevant, although Plaintiff Cruz worked over forty hours per week, Defendant DEAS failed to pay Plaintiff Cruz at the required overtime premium rate.

42. That at all times herein relevant, Plaintiff was denied sick days and vacation days.

43. That at all times herein relevant, Plaintiff was not afforded a meal break.

44. That all times herein relevant, Plaintiff would have his meal while driving or working.

45. That at all times herein relevant, Defendants never provided Plaintiff Cruz with any policies regarding his rights under the wage and hour laws. Upon information and belief,

Defendant DEAS did not have written policies regarding any of these subjects during the period of Plaintiff Cruz's employment.

46. Plaintiff continuously complained to the Defendants about his unpaid wages to no avail.

47. When Plaintiff complained to Defendant George about his unpaid wages, Defendant George replied that the company does not pay overtime.

48. On October 19, 2018, Plaintiff was terminated from his employment at Defendant DEAS in clear retaliation for his complaints of unpaid wages.

49. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs.

50. Defendants failed to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants.

51. Defendants failed to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants.

52. Defendants failed to properly report Plaintiff's income and withhold amounts listed on W-2 forms as monies withheld.

53. Plaintiff's position at his job was intolerable as a result of the unlawful employment practices by the Defendants to which he was subjected, and no reasonable person in Plaintiff's position could be expected to continue working under those conditions.

54. Throughout Plaintiff's employment with the Defendants, Plaintiff protested and complained to Defendants about their unlawful conduct on more than one occasion.

55. Despite said complaints and protests, Defendants continued to their unlawful employment practices against Plaintiff.

56. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

57. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails.

58. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

59. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

60. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

61. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon. Plaintiffis entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages,

reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Overtime)

64. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

65. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

66. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from the Defendantshis unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

## THIRD CAUSE OF ACTION
### (NYLL – Wage Theft Prevention Act)

67. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

68. Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable) with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer

9

in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer and anything otherwise required by law.

69. Due to Defendants' violations of NYLL § 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b),

70. Defendants have willfully failed to supply the Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deduction; and net wages.

71. Due to the Defendants' violation of NYLL§ 195(3) , the Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide him with accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Spread of Hours)**

71. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

72. Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiff worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650 *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

73. Defendants' failure to pay spread of hours compensation caused Plaintiff to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq*.

### FIFTH CAUSE OF ACTION
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a)

74. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

76. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent

11

information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

### SIXTH CAUSE OF ACTION
### NYLL RETALIATION

77. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

78. Plaintiff was an employee of Defendants within the meaning of the NYLL.

79. Defendants are employers within the meaning of the NYLL.

80. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

81. While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages and misclassifying him as an independent contractor.

82. Plaintiff's complaints to Defendants constituted a protected activity under NYLL § 215.

83. A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

84. Defendants violated NYLL § 215 by retaliating against Plaintiff by terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures and misclassification as an independent contractor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation and spread-of-hours pay pursuant to the FLSA, NYLL and supporting regulations;

C. An award of damages for as a result of Defendants' failure to provide a wage notice upon Plaintiffs' hire and wage statements pursuant to the NYLL, Wage Theft Prevention Act and supporting regulations;

D. Declaring that Defendants retaliated against Plaintiff by terminating his employment due to his complaints of unlawful pay practices, policies and procedures and misclassification as an independent contractor and awarding Plaintiff a recovery for damages sustained;

E. Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages, overtime pay, and benefits resulting from Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

F. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' retaliatory and unlawful conduct and making the Plaintiff whole for all

Case 7:20-cv-06397-PMH   Document 1   Filed 08/13/20   Page 14 of 14

earnings and other benefits he would have received but for Defendants' discriminatory and retaliatory treatment, including, but not limited to, title, seniority status, wages and other lost benefits;

G. Declaring that the Defendants violated the provisions of 26 U.S.C. §7434;

H. Enjoining future violations of the FLSA and NYLL by Defendants;

I. Declaring that Defendants' violations of the FLSA and NYLL are willful;

J. Awarding Plaintiff punitive damages;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' fees; and

M. Such other relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August 13, 2020
      New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Leopold Raic*

_____
Leopold Raic (LR 4202)
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Counsel for Plaintiff*

14